**Joanne RODRIGUEZ, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
Respondent.

No. 03–3186.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 8, 2003.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Joanne Rodriguez petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that sustained the action of the Department of Health and Human Services ("HHS" or "agency") that removed her from her position as an office automation clerk in HHS's Office of Investigation in Chicago, Illinois. *Rodriguez v. Dep't of Health & Human Servs.*, No. CH–0752–02–0203–I–1, 93 M.S.P.R. 377, 2003 WL 230730 (M.S.P.B. Jan. 29, 2003). We *affirm*.

## DISCUSSION

### I.

The agency removed Ms. Rodriguez from her position on April 21, 2000, for insubordination, making false statements, submitting an altered memorandum with the intent to deceive, and falsification of a leave slip. Ms. Rodriguez timely appealed her removal to the Board. After Ms. Rodriguez waived her right to a hearing, the administrative judge ("AJ") to whom the case was assigned decided the case on the documentary record. In an initial decision dated July 3, 2002, the AJ issued an initial decision in which he determined (i) that each of the agency's charges was supported by a preponderance of the evidence; (ii) that Ms. Rodriguez had failed to establish her affirmative defenses; (iii) that Ms. Rodriguez's removal promoted the efficiency of the service; and (iv) that the penalty of removal was not unreasonable. *Rodriguez v. Dep't of Health & Human Servs.*, No. CH–0752–02–0203–I–1 (M.S.P.B. July 3, 2002). Accordingly, the AJ sustained HHS's action removing Ms. Rodriguez from her position. The AJ's initial decision became the final decision of the MSPB on January 29, 2003, when the Board denied Ms. Rodriguez's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Rodriguez v. Dep't of Health & Human Servs.*, No. CH–0752–02–0203–I–1 (M.S.P.B. Jan. 29, 2003). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the MSPB is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Sers.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

Ms. Rodriguez's sole argument on appeal is that the decision of the Board is not supported by substantial evidence. She bases this argument on the contention that the statements in the record of her supervisor, of the Assistant Regional Inspector General, of the Assistant Inspector General for Investigative Operations, and of the Deputy Inspector General for Operations relating to the charges against her and her removal all are false. However, beyond her bare allegation, Ms. Rodriguez has not made any kind of a showing as to how the statements upon which the Board relied and which provide substantial evidence for the Board's decision are false. Under these circumstances, we have no alternative but to affirm the final decision of the Board.

No costs.